J-S33006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                  :                 PENNSYLVANIA

                 v.                      :

KEITH TOLBERT                   :

            Appellant         :     No. 1168 EDA 2017

Appeal from the PCRA Order March 13, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013923-2013

BEFORE:    OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                 **FILED OCTOBER 12, 2018**

Keith Tolbert appeals, *pro se*, from the order of the Court of Common Pleas of Philadelphia County, entered March 13, 2017, dismissing his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without an evidentiary hearing. On April 9, 2015, Tolbert entered into a negotiated plea to the charges of third-degree murder, conspiracy to commit robbery, and abuse of corpse.[2] On May 1, 2015, the court sentenced Tolbert to an aggregate term of 22 to 44 years' imprisonment. On appeal, Tolbert raises several claims regarding ineffective assistance of counsel. Based on the following, we affirm.

---

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 2502(c), 903, and 5510, respectively.

The PCRA court set forth the underlying factual history as follows:

Keith Tolbert was running a prostitution ring out of 220 South 11th Street, Apartment 26 in Philadelphia. On August 27, 2013 Francis Zarzycki paid two of [Tolbert]'s prostitutes, Stephanie Foulke and Angel Weston, for sex and drugs. N.T. 4-9-2015, pp. 8-9. The victim left the apartment for a while with the promise to return shortly. During this time, Tolbert obtained a handheld taser from Ms. Foulke, then went to the local Walgreens to purchase duct tape and other items. Tolbert returned to the apartment and waited for Zarzycki. A video surveillance tape shows the victim returning to the apartment. A few minutes later, [Tolbert] emerges from the bedroom, tases Zarzycki and a struggle ensues. N.T. 4-9-2015, pp. 9-10. Everyone becomes involved in the struggle, and Tolbert directs the women to duct tape Zarzycki. With Tolbert on top of the bound victim, he is tased at least two more times, until eventually [Foulke, Tolbert, and Weston] come to the realization that Zarzycki is no longer breathing. Tolbert tells Foulke[] and Weston to leave, that he would take care of it. N.T. 4-9-2015, pp. 10-11. Crime scene investigators eventually process the scene at which time the blood of Mr. Zarzycki was discovered in the bathroom along with gouge marks consistent with an axe or hatchet in the bathtub. N.T. 4-9-2015, p. 11. On September 3, 2013, the police recovered the torso of a human body, missing all four limbs and the head from the river. Specific tattoos on the torso provided the basis for the identification of the body as being Mr. Zarzycki. DNA later confirmed the identity. N.T. 4-9-2015, p. 8.

PCRA Court Opinion, 6/27/2017, at 2-3 (some formatting).

The trial court also provided the underlying procedural history as follows:

On September 5, 2013, Keith Tolbert was arrested and charged with murder, robbery, unlawful restraint, theft receiving stolen property, possessing the instruments of a crime, false imprisonment and abuse of a corpse. [Tolbert] was held for court on all charges after a Preliminary Hearing on November 6, 2013.

A jury was selected and sworn in on April 9, 2015. Prior to any testimony being taken, [Tolbert] entered into a negotiated plea to the charges of murder of the third degree, abuse of corpse and

criminal conspiracy to commit a robbery, in return for an aggregate sentence of twenty-two to forty-four years. [Tolbert] was sentenced in accordance with the agreement on May 1, 2015. On June 10, 2015, [Tolbert] filed a *pro se* appeal to the Superior Court which was dismissed on August 28, 2015.

*Id.* at 1-2.

On April 28, 2016, Tolbert filed a timely *pro se* PCRA petition, in which he contended trial counsel was ineffective and his plea was unlawfully induced. PCRA Petition, 4/28/2016, at 2. On June 22, 2016, the PCRA court appointed counsel to represent Tolbert. On January 19, 2017, PCRA counsel filed a letter on the record addressed to the PCRA court with the case name, case number, and "Non-Capital Homicide PCRA Finley[3] Letter-No Merit Letter" in the reference line ("no-merit letter"). On January 24, 2017, the PCRA court entered a notice pursuant to Pa.R.Crim.P. 907 that the PCRA petition "will be dismissed without further proceedings" on February 13, 2017.

On January 31, 2017, Tolbert filed *pro se* objections to the Rule 907 notice, in which he stated he never received a copy of PCRA counsel's no-merit letter and, accordingly, does not know why PCRA counsel determined

---

[3] ***Commonwealth v. Finley,*** 550 A.2d 213 (Pa. Super. 1988) (*en banc*); ***see also Commonwealth v. Muzzy***, 141 A.3d 509, 510-511 (Pa. Super. 2016) (requirements for post-conviction counsel to withdraw from representation); ***Commonwealth v. Freeland***, 106 A.3d 768, 774 (Pa. Super. 2014) (same).

that all of his claims were meritless. Objection to Notice Pursuant to Pa.R.Crim.P. 907, 1/31/2017, at 1 ¶ 1.[4]

On March 13, 2017, the PCRA court entered an order dismissing the PCRA petition. On March 31, 2017, Tolbert filed a *pro se* notice of appeal to this Court. On April 7, 2017, the PCRA court ordered Tolbert to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days, and Tolbert complied on April 18, 2017. Tolbert's concise statement raises claims that his trial counsel was ineffective. Rule 1925(b) Statement, 4/18/2017, at ¶¶ 1-2.[5] On June 27, 2017, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

On August 27, 2018, we remanded for a hearing to clarify the status of PCRA counsel's representation of Tolbert, because the PCRA court had never specifically granted nor denied permission for PCRA counsel to withdraw his appearance in the Rule 907 Notice, in the order of March 13, 2017, or in a separate order prior to appeal. Following remand, on September 6, 2018, the PCRA court entered the following order:

> This matter having been remanded for a determination of whether [Tolbert] is still represented by counsel, and having reviewed the record in its entirety, including the [no-merit letter] filed by

---

[4] On February 17, 2017, Tolbert also filed a *pro se* "Objection to Notice of **Finley** Letter" in which he challenged the correctness of PCRA counsel's conclusion that there was no merit to any allegation that trial counsel was ineffective. Obj. to Notice of **Finley** Letter, 2/17/2017, at 1-2.

[5] The concise statement does not include any claims of PCRA counsel's ineffectiveness. **See generally id.**

[Tolbert]'s then counsel, it is hereby Ordered that [Tolbert]'s PCRA counsel was allowed to withdraw as of March 7, 2017, and [Tolbert] proceeded *pro se*.

Order, 8/27/2018. Accordingly, this matter is now properly before us.

Tolbert now raises the following issues on appeal:

[1.] Did court appointed PCRA counsel provide an ineffective assistance of counsel in violation of the Sixth Amendment and the Pennsylvania Rules of Criminal Procedure?

[2.] Did the [PCRA] court err by dismissing the PCRA petition without conducting an evidentiary hearing given the guilty plea was entered involuntarily as a result of trial counsel's ineffectiveness?

[3.] Does the [PCRA] court's dismissal of the PCRA petition without an evidentiary hearing constitute a due process violation?

Tolbert's Brief at 6 (issues reordered to facilitate disposition).

Preliminarily, we note that, according to Rule 1925(b), "[i]ssues not included in the Statement . . . are waived." Pa.R.A.P. 1925(b)(4)(vii). Tolbert's concise statement did not include any claims of PCRA counsel's ineffectiveness, and his first claim on appeal thus is waived.

In his next challenge, Tolbert contends trial counsel was ineffective and "failed to zealously act in [his] advocacy." Tolbert's Brief at 11; *see also id.* at 9-11. Tolbert alleges counsel's "complete and utter failure to conduct a reasonable investigation prejudiced [him] by compelling him to enter a guilty plea given a defense had not been perfected." *Id.* at 14-15. He argues trial

- 5 -

counsel "fail[ed] to perform the rudimentary task of interviewing the cooperating co-defendants[.]" *Id.* at 15.[6]

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Andrews***, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

> Counsel is presumed to have been effective. To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Id.* (citation and internal quotation marks omitted). "A failure to satisfy any of the three prongs of [this] test requires rejection of a claim of ineffective assistance of trial counsel[.]" ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1128 (Pa. 2011). The right to effective assistance of counsel extends to the plea process. ***Commonwealth v. Wah***, 42 A.3d 335, 338-339 (Pa. Super. 2012).

---

[6] In his brief to this Court, Tolbert also maintains trial counsel was ineffective for failing to investigate and to interview "Anthony Maresca, Mr. Sweeney (Maresca's step-father), and Foulke's boyfriend 'Rob'." Tolbert's Brief at 15; *see also id.* at 15-16. However, Tolbert never referenced any of these individuals in his PCRA petition, objections to the Rule 907 notice, or Objection to Notice of *Finley* Letter. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Accordingly, any issue concerning trial counsel's actions regarding these individuals is waived.

"A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011); ***accord Commonwealth v. Wilcox***, 174 A.3d 670, 674 (Pa. Super. 2017), *appeal denied*, 184 A.3d 545 (Pa. 2018).

> Pa.R.Crim.P. 590, which pertains to procedures for entering pleas and plea agreements, requires pleas to be entered in open court, and specifies that the trial judge must make inquiries, on the record, to determine whether the plea is voluntarily and understandingly tendered. The comments to Pa.R.Crim.P. 590 provide that at a minimum, the court should make the following inquiries:
>
> > (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
> >
> > (2) Is there a factual basis for the plea?
> >
> > (3) Does the defendant understand that he or she has the right to trial by jury?
> >
> > (4) Does the defendant understand that he or she is presumed innocent until found guilty?
> >
> > (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
> >
> > (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
>
> Pa.R.Crim.P. 590, Comment.

***Commonwealth v. McGarry***, 172 A.3d 60, 66-67 (Pa. Super. 2017) (footnote omitted), *appeal denied*, 185 A.3d 966 (Pa. 2018).

Here, Tolbert acknowledged on the record that he understood the charges to which he was pleading guilty, the facts summarized by the Commonwealth that supported his plea, his right to trial by jury, and the presumption of innocence. Colloquy for Plea of Guilty / Nolo Contendere, 4/9/2015; N.T., 4/9/2015, at 3-5, 7-12. Tolbert acknowledged that he had signed the following written colloquy and had reviewed it with his attorney, *id.* at 4:

> I understand the nature of the charges to which I am pleading guilty/nolo contendere.
>
> I acknowledge that there is a factual basis for this plea.
>
> I understand that I have a right to a trial by jury.
>
> I understand that I am presumed innocent until I am proven guilty.
>
> I am aware of the permissible range of sentences and/or fines for the offense(s) with which I am charged.
>
> I understand that the judge is not bound by the terms of any plea agreement between myself, my attorney, and the attorney for the Commonwealth unless the judge accepts such agreement.
>
> I knowingly, voluntarily, and intelligently make this plea of Guilty.

Colloquy for Plea of Guilty / Nolo Contendere, 4/9/2015. During the plea, the trial court informed Tolbert that he did not have to plead guilty but could plead innocent and have a jury trial, and Tolbert stated that he understood. N.T., 4/9/2015, at 4-5. The trial court also explained that the negotiated aggregate sentence was 22 to 44 years of incarceration, which is below the maximum and, accordingly, a legal sentence, which Tolbert asserted that he understood. *Id.* at 6. When asked if he was "satisfied" with trial counsel's representation,

Tolbert answered affirmatively. *Id.* The Commonwealth also asked whether Tolbert understood that, had he gone to trial, he could have faced life imprisonment without parole, and he answered affirmatively. *Id.* at 7. The inquiries required by *McGarry*, 172 A.3d at 66-67, and Pa.R.Crim.P. 590, were completed, and Tolbert's plea agreement was voluntarily and understandingly tendered.

Tolbert is bound by the statements he made in open court while under oath and cannot now make contrary assertions that his plea was entered involuntarily or that he was dissatisfied with trial counsel. *See Yeomans*, 24 A.3d at 1047. As he cannot demonstrate that his plea was involuntarily entered, he also cannot establish there was a reasonable probability of a different outcome, and, hence, he cannot prove prejudice. *See Andrews*, 158 A.3d at 1263. Without establishing prejudice, Tolbert also cannot satisfy one of the prongs of the test to establish ineffective assistance of trial counsel, and his second issue on appeal is meritless. *See Chmiel*, 30 A.3d at 1128.

As for Tolbert's remaining issue, *i.e.*, the PCRA court's dismissal of the PCRA petition without an evidentiary hearing constituted a due process violation, Tolbert's Brief at 19-20, we observe that "[a]n evidentiary hearing is not mandatory for all claims raised in a PCRA petition." *Commonwealth v. Clark*, 961 A.2d 80, 94 (Pa. 2008). "Counsel will not be deemed ineffective for failing to raise a meritless claim. By extension, the PCRA court did not err in denying the claim without a hearing." *Commonwealth v. Sneed*, 45 A.3d 1096, 1115 (Pa. 2012) (internal citation omitted). Here, Tolbert's allegation

of ineffective assistance of trial counsel was without merit, and the PCRA court thereby properly denied Tolbert's PCRA petition without an evidentiary hearing. *See id.*; *Clark*, 961 A.2d at 94.

Hence, all of the challenges raised by Tolbert on appeal merit no relief. We therefore affirm the order of the PCRA court.

Order affirmed.

Judge McLaughlin joins this memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/18